IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CASE NO. 4:22-CR-372 |
| CALEB JORDAN MCCRELESS, and CHRISTOPHER LUKE MCGINNIS | § § | |

### *UNOPPOSED* DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER AND DECLARATION OF COMPLEX LITIGATION

TO THE HONORABLE SIM LAKE, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES NOW, the Defendant, Caleb Jordan McCreless, in the above styled and captioned cause, by and through his attorney of record, Allison Secrest, and hereby requests that the current scheduling order be amended. The Defendant makes this request in light of the complex nature of this litigation and in order to provide the Defendant the opportunity to conduct meaningful discovery. In support of this Motion, the Defendant offers the following:

1. The underlying indictment covers nearly an eighteen month period and alleges one count of Conspiracy to Commit Wire Fraud and five counts of Wire Fraud. The alleged amount of loss is just under $40,000,000.00. The underlying subject matter is complex and was investigated over a two year period by more than one law enforcement agency.

2. At least six civil lawsuits were filed against the Defendant alleging facts similar to those set out in the indictment. The defendant retained several different attorneys to represent him. It is Counsel's understanding that at least one additional lawsuit with allegations arising out of the same facts alleged in the indictment was recently filed against the Defendant. Counsel needs additional time to request her client's file from his previous attorneys, review those documents, conduct additional investigation, and to confer with her client who is presently detained in the Federal Detention Center.

3. Defendant was represented by another attorney prior to Defense counsel being appointed on September 1, 2022. This his her first request for a continuance. The Government produced discovery on September 6, 2022 and September 29, 2022 which was provided on a hard drive containing approximately 4.23 GB of documents, as well as four CDs totaling approximately 41 GB of documents, comprised of bank records, contracts, investigative reports, audio recordings, emails, text messages and other lengthy documents. A fifth CD with an unknown volume of documents was also provided but is unreadable and will be reproduced by the Government. The Government has also agreed to provide additional discovery of approximately 5,500 emails and/or documents that were set aside due to attorney-client privileged material concerns by a taint team of lawyers with The Department of Justice. The Government has also represented that additional discovery will be forthcoming which is comprised of an unknown volume of material.

4. Both the Defendant, counsel for the co-defendant, and the Government agree that based on the allegations in the indictment, the complex subject matter, and the voluminous amount of discovery, support a judicial determination of "complex litigation" pursuant to the Speedy Trial Act (18 U.S.C. § 3161).

5. The Defendant expressly acknowledges that the granting of this Motion will toll the time limits set forth in the Speedy Trial Act and has duly executed a Waiver of his Rights thereunder.

6. This Motion is not made for the purpose of delay, but in the interests of justice. Undersigned counsel requests this continuance in order to preserve Defendant's constitutional rights to effective assistance of counsel and due process, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

II.

It is respectfully requested that the motions deadline be rescinded and that a new date be entered. Until the voluminous discovery provided to date, and the additional discovery that is forthcoming can be thoroughly reviewed, legal research conducted on issues arising from the Government's investigation of this matter, as well as defenses that may be applicable to this prosecution, it cannot be determined what motions may be necessary and pertinent to the defense of the pending accusations.

III.

In addition, it is respectfully requested that the January 30, 2023, trial date be extended in order to afford counsel necessary additional time to prepare for trial. Pursuant to 18 U.S.C. § 3161(h)(7)(A),

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

"shall be excluded ... in computing the time within which the trial of any such offense

must commence...." The district court may consider a number of factors in making the determination that the granting of a motion for continuance is appropriate in a given case, including:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii). The Court may also consider "[w]hether the failure to grant such a continuance....would deny counsel for the defendant...the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). And, "[a]n ends-of-justice continuance may be justified on grounds that one side needs more time to prepare for trial." *United States v. Dota,* 33 F.3d 1179, 1183 (5th Cir. 1994), *cert. denied,* 514 U.S. 1052 (1995).

### IV.

The undersigned counsel has conferred with Mr. Assistant United States Attorney Hayward Carter, III, as well as counsel for the co-defendant, Mr. Dennis Hester, who do not oppose the granting of this motion. It is respectfully requested that the Court consider rescinding the scheduling order and setting the instant case for a status conference in 120 days to determine where the undersigned counsel is in her review of the voluminous discovery, including documents that will be produced from

the Defendant's other previous lawyers, and the outstanding discovery that is forthcoming from the Government. The undersigned counsel represents that she will continue to diligently review the discovery she has received to date and come up to speed in order to be ready to try this case in future, in the event that the matter cannot be resolved short of trial.

WHEREFORE, the Defendant moves the Court to declare this matter "complex litigation" and to rescind the current scheduling order and schedule the case for a status conference in 120 days or until such time as is consistent with the orderly dispatch of the Court's docket.

Respectfully submitted,

/s/ Allison Secrest
ALLISON SECREST
State Bar No.: 24054622
1545 Heights Blvd., Suite 300
Houston, Texas 77008
(713) 222-1212 Telephone
(713) 650-1602 Facsimile
allison@allisonsecrestlaw.com

## CERTIFICATE OF CONFERENCE

I, Allison Secrest, do hereby certify that on the 18th day of October 2022, I communicated with Hayward Carter III, Assistant United States Attorney for the United States Department of Justice, who is UNOPPOSED to this request. I also communicated with Dennis Hester, attorney for co-defendant, Luke McGinnis who stated he would join this Motion.

                        /s/ Allison Secrest
                        ALLISON SECREST

## CERTIFICATE OF SERVICE

I, Allison Secrest, do hereby certify that on the 25th day of October 2022, a true and correct copy of the foregoing Motion was delivered to Hayward Carter III, Assistant United States Attorney for the United States Department of Justice, and Denis Hester, Assistant Federal Public Defender for the Southern District of Texas, via ECF Filing and email.

                        /s/ Allison Secrest
                        ALLISON SECREST